UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHADAVIAN YARD-DANIEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LLOYD ARNOLD Commissioner of IDOC, )<br>)<br>Respondent. ) | No. 2:25-cv-00107-JPH-MJD |

**ORDER TO SHOW CAUSE - DISCIPLINE CASE**

Shadavian Yard-Daniel's petition for a writ of habeas corpus challenges his disciplinary conviction in ISF-24-12-003257.

**I.**

The $5.00 filing fee for this action has been paid.

**II.**

The petitioner's custodian is directed to answer the allegations of the petitioner's petition for a writ of habeas corpus and in doing so shall **show cause** why the relief sought by the petitioner should not be granted insofar as the petitioner challenges the deprivation of a recognized liberty interest affecting the fact or the duration of his confinement. This shall be done within **forty-two (42) days** of the date this Order is issued. The petitioner shall have **twenty-eight (28) days** after service of such answer or return to order to show cause on him in which to reply.

1

If the petitioner's earliest possible release date (as reflected on the Indiana Department of Correction's website) is more than 1-year after the date the Return to Order to Show Cause is due, the Respondent is permitted to file a "Notice of 42-day Extension by Respondent (Habeas cases only)" which will extend the Respondent's deadline for filing a Return to Order to Show Cause by 42-days from the date the Notice is filed.  The Notice must include the petitioner's anticipated release date if the relief sought by the petitioner is granted.

Although additional motions for time are not anticipated, all subsequent motions for time must include the petitioner's anticipated release date if the relief sought by the petitioner is granted.

### III.

Any video files submitted in support of or in opposition to the petition for a writ of habeas corpus must be presented in MP4, WMV, MOV, or AVI format.

### IV.

"Documents that affect the disposition of federal litigation are presumptively open to public view . . . unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).  "This transparency enables interested members of the public to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *City of Greenville v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (cleaned up).  Yet, the respondents in habeas actions challenging disciplinary convictions routinely ask the Court to consider

evidence that for safety and security reasons should not be made available to the petitioner or the public.

In this district, Local Rule 5-11(b) sets forth the process to be followed for filing a document under seal. The clerk will not (without a court order) reveal a sealed document to anyone other than "the court and its staff; the clerk's staff; and the attorneys who have appeared . . . and any pro se party in the case in which the document has been filed." L.R. 5-11(b)(1)-(b)(3). Meanwhile, documents filed *ex parte* can be viewed only by the filing party, the court and its staff and the clerk's staff. Although, no Local Rule specifically addresses *ex parte* filings, a court order is necessary to maintain the document under seal given the general presumption that court records are available to the public.

Accordingly, if Respondent relies on evidence that requires either sealed or *ex parte* restrictions, the procedures set forth in Local Rule 5-11(b) must be followed. There are three categories of evidence that are pre-approved for filing *ex parte* without a motion. The Court will review these documents *in camera.*

First, prison security videos and any still pictures taken from security videos may be filed *ex parte*. This is because the Respondent has a compelling security interest in denying a prisoner information regarding the exact capabilities of the cameras. *See Hoskins v. McBride*, 202 F. Supp. 2d 839, 845 (N.D. Ind. 2002).

Second investigative reports containing confidential information or the prison's investigative techniques and capabilities may be filed *ex parte*. *Mendoza v. Miller*, 779 F.2d 1287, 1294 (7th Cir. 1985).

3

Third, pictures of victims, including other incarcerated individuals, staff, visitors, and contractors, may be filed *ex parte* because prison policy prohibits incarcerated individuals from possessing pictures to reduce the risk of impersonation and intimidation. *See, e.g., Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (observing that a prisoner is not entitled to certain materials where there are bona fide security concerns, but that due process requires the district court to conduct an *in camera* review to ensure that exculpatory evidence was not withheld).

Any filings that do not fall into the three categories set forth above may only be filed *ex parte* or under seal if accompanied by a motion.

**SO ORDERED.**

Date: 5/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHADAVIAN YARD-DANIEL
228315
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronic Service to:

    Indiana Attorney General
    Indiana Department of Correction