UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHADAVIAN YARD-DANIEL,               )
                                     )
              Petitioner,            )
                                     )
       v.                            )        No. 2:25-cv-00107-JPH-MJD
                                     )
LLOYD ARNOLD Commissioner of IDOC,   )
                                     )
              Respondent.            )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Shadavian Yard-Daniel's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case ISF 24-12-3257. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  Disciplinary Proceeding

On December 1, 2024, at approximately 22:14, Officer Bailey called a signal 10-10 in 12 North A-Side Cube 2 "due to a massive fight involving multiple offenders." Dkt. 10-1 (Conduct Report). Officer Bailey observed Mr. Yard-Daniel "throwing multiple closed fist strikes at other offenders." *Id.* The officer's verbal commands to stop fighting were ignored. *Id.* He identified Mr. Yard-Daniel by using the facility camera, past experience, and DELTA (the offender information system). *Id.*

On December 13, a screening officer notified Mr. Yard-Daniel of the charge of "battery against an incarcerated individual" and provided him with a copy of the conduct report and the notice of disciplinary hearing (screening report) Dkt. 10-2. Mr. Yard-Daniel pleaded not guilty and did not request any witnesses. *Id.* He requested a lay advocate, and one was appointed. Dkt. 10-3. He also requested video evidence. Dkt. 10-2.

On December 19, disciplinary hearing officer (DHO) M. Hilliard prepared a written report stating that he "review[ed] footage of an incident that occurred on 12/01/24 at approximately 22:15 in 12 North A-Side Cube 2. I observed 1/1 Yard-Daniel, Shadavian #228315 throwing closed fist strikes during a massive fight." Dkt. 10-5.

At the hearing, Mr. Yard-Daniel pleaded not guilty but did not make a statement. Dkt. 10-4.  After considering the conduct report and video footage,

DHO Hilliard found Mr. Yard-Daniel guilty of code 212, battery against an incarcerated individual. *Id.* DHO Hilliard sanctioned Mr. Yard-Daniel with a 45-day loss of earned credit time and a suspended one-step demotion in credit class. *Id.*

On appeal, the appeal review officer modified the charge from B-212, battery against an incarcerated individual, to B-240/212, conspiracy/attempting/aiding or abetting battery against an incarcerated individual, but she did not modify the sanctions. Dkt. 10-8.

This habeas action followed.

### III. Discussion

Mr. Yard-Daniel's claims are discerned as: 1) he was denied effective assistance of his lay advocate; 2) he was denied the "mitigating circumstances of self-defense"; 3) he was denied an impartial decisionmaker; 4) Officer Bailey was not present at the altercation and lied on the conduct report; 5) there was insufficient evidence to support the modified charge; and 6) double jeopardy. Dkt. 1 at 3.

Mr. Yard-Daniels concedes that he failed to raise his claim of double jeopardy on appeal. Dkt. 1 at 3. This claim is therefore procedurally defaulted and will not be considered. To the extent the respondent contends that additional claims were not raised on appeal, the Court finds it more efficient to consider the claims on the merits than to further consider the issue of exhaustion. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

### A. Lay Advocate

Mr. Yard-Daniel first argues that he was denied an effective lay advocate because the advocate did not speak during the hearing. This claim fails because "due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless 'an illiterate inmate is involved ... or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Wilson-El v. Finnan,* 263 F. App'x 503, 506 (7th Cir. 2008) (quoting *Wolff,* 418 U.S. at 570); *see also Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir.1992). Here, Mr. Yard-Daniel is not illiterate, nor does he contend that the issues are overly complex.

### B. Self-Defense

While Mr. Yard-Daniel contends that he acted in self-defense, that defense does not apply in disciplinary actions. *See Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011) ("inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings"). This claim fails.

### C. Impartial Decisionmaker

Mr. Yard-Daniel asserts that the DHO has a reputation for "falsely convicting inmates." Dkt. 1 at 3. He argues that compared with other inmates, he was sanctioned "biasly and falsely." *Id.*

As noted above, inmates facing disciplinary charges have a due process right to be heard by an impartial decision-maker. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary.

4

*Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Another possible example of bias is if the DHO were found to have an intimate relationship with a crucial witness in the case. *See Eads vs. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). However, none of those circumstances are alleged here. Mr. Yard-Daniel's general allegations concerning the DHO's "reputation" are not clear evidence of bias. Therefore, the presumption that the DHO was not biased prevails.

### D. Some Evidence

Mr. Yard-Daniel next challenges the adequacy of the conduct report and sufficiency of the evidence to support the modification of the charge on appeal. Dkt. 1 at 3. He argues that Officer Bailey was not present at the time of the fight and therefore must have lied on the conduct report. *Id.*

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v.*

*Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones*, 637 F.3d at 849. The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Yard-Daniel did not argue at his hearing that the reporting officer did not witness the fight, so the only evidence the DHO considered was the conduct report and the video. Dkt. 10-4 . The Court cannot now entertain a claim, *i.e.,* reweigh the evidence, that the reporting officer did not, in fact, witness the fight. The conduct report and video evidence reviewed by the DHO were sufficient to satisfy the evidentiary threshold.

On appeal, the offense was modified to a "conspiracy or attempt" to batter another inmate, B-240/212. Dkt. 10-8. Although Mr. Yard-Daniel rejects any claim that he *conspired* with anyone else, he admits in his appeal that he did take a swipe at another inmate. Dkt. 10-6. Thus, he cannot dispute that he *attempted* to commit a battery against another inmate. The evidence is sufficient to support the modified charge.

## IV.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Yard-Daniel to the relief he seeks. Accordingly, Mr. Yard-Daniel's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 6/15/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SHADAVIAN YARD-DANIEL
228315
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov